**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                       Criminal No. 10-cr-005-02-JL

<u>Christopher Leclerc</u>

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on March 12, 2010, for the purpose of determining whether to detain defendant, Christopher Leclerc, who has been indicted on one (1) count of Conspiracy to Distribute, and to Possess with Intent to Distribute, Oxycodone in violation of 21 U.S.C. § 846, and four (4) counts of Distribution of Oxycodone in violation of 21 U.S.C. § 846(a)(1).

After being arrested in Florida on a warrant issued in this case, the defendant appeared before Magistrate Judge Wilson in the Middle District of Florida on February 22, 2010. At that hearing, at which the defendant was represented by counsel, the defendant elected to request a detention hearing. After hearing argument on the issue, Magistrate Judge Wilson found in part as

follows:

> [T]here may well be conditions of release that would reasonably assure [the defendant's] appearance. However, an unsecured bond is not one of them. Since, at this point, the defendant has not proposed any conditions of release that would reasonably assure his appearance, he will be detained.

At defendant's arraignment on this date, his counsel requested to relitigate the issue of detention. In support of his argument, the defendant cited to 18 U.S.C. § 3142(f), which provides in pertinent part that "[t]he [detention] hearing may be reopened ... [if] information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." Specifically, the defendant argues that at the first hearing, 1) he was in no position to present his mother as a third-party custodian at the prior hearing, 2) information regarding his employment history was inaccurately presented, and 3) counsel in Florida committed a tactical error in requesting a detention hearing. Without belaboring the point, the court finds that none of these points can reasonably be characterized as "information"

<u>that was not known to the defendant</u> at the time of the prior hearing and, as a result, he was not entitled to reopen the detention issue at this time.  In the event this court could be determined to have erred on this point, however, it permitted the defendant to present argument and develop the record on the issue of detention and considered the issue <u>de</u> <u>novo</u>.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In this case, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).  Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption trigger, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably, the burden is one of production, not of persuasion.  Id. at 380-81.

Here, the court finds that the defendant failed to rebut the presumption with regard to risk of flight and danger to the

community. Specifically, the charges involve drugs offenses and a conspiracy count for which the defendant may be facing a substantial period of incarceration. The weight of the evidence was substantial and uncontroverted. The defendant, who is just twenty-four (24) years old, has been assembling a record of offenses since he was seventeen (17) years old, recently culminating in a Simple Assault charge and an apparently unrelated Domestic Violence Petition Restraining Order in 2009.

Significantly, the defendant also has a history of non-appearance. He was sentenced for Bail Jumping in 2006, the circumstances of which were not explained upon questioning from the court at the detention hearing. He also minimized the circumstances surrounding a bench warrant that issued for his failure to appear on a state court charge, initially indicating he that he was aware of the court date but was having back problems requiring medical treatment at that time. It was further developed, however, that the warrant was outstanding (and the defendant was a fugitive) for nearly one (1) year, that the defendant made no attempt to resolve the warrant or otherwise contact the court, and that it was only executed when he was arrested on the Simple Assault charge in 2009. On the issue of

risk of flight, the court also believes it significant that the defendant absented himself from the State of New Hampshire within weeks after the indictment was returned in this case. Finally, the report from Pretrial Services documents on-going substance abuse problems, which were also minimized by the defendant during the detention hearing and, in the court's opinion, in the interview with Pretrial Services in the Middle District of Florida (e.g. claimed not used marijuana in three (3) years and Percocet or Oxycontin for eight months, but admitted used both while on "vacation" in Florida in February of 2010 just prior to arrest).

Thus, for all of these reasons, the court finds the defendant has failed to rebut the presumption with regard to risk of flight and danger to the community. Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the appearance of the defendant.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant has not

rebutted with any credible evidence the presumption that he poses a serious risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                              s/s Daniel J. Lynch
                                              Daniel J. Lynch
                                              United States Magistrate Judge

Date:   March 15, 2010

cc:     Theodore M. Lothstein, Esq.
       William E. Morse, AUSA
       U.S. Marshal
       U.S. Probation